IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WALSH CONSTRUCTION COMPANY II, LLC, <br> 929 West Adams Street <br> Chicago, Illinois 60607 <br><br> Plaintiff, <br><br> v. <br><br> ARCH INSURANCE COMPANY <br> 2345 Grand Boulevard <br> Suite 900 <br> Kansas City, MO 64108 <br>   and <br> CARR AND DUFF, INC., <br> 2100 Byberry Road <br> Huntingdon Valley, PA 19006 <br><br> Defendants. | JURY DEMAND <br><br> Case No.   20-1679 |

## **COMPLAINT**

Plaintiff, Walsh Construction Company II, LLC, by and through its undersigned counsel, hereby files the following Complaint against Defendant Arch Insurance Company ("Arch") and Defendant Carr And Duff, Inc. ("Carr & Duff") and in support thereof alleges as follows:

1. On or about October 9, 2015, Donald Hattenbach ("Hattenbach"), an employee of Walsh Construction Company II, LLC, alleges he was injured while working on a construction project relating to work to be performed by Carr & Duff on the PennDOT project known as CP2 ("the Project"). On March 1, 2017, Hattenbach filed a lawsuit against Carr & Duff, ABC Construction Company, Inc., and the Pennsylvania Department of Transportation ("PennDOT") entitled *Donald Hattenbach v. Carr and Duff, Inc. et al.*, Philadelphia Court of Common Pleas, Feb. 2017 Case No. 7552, seeking recovery for the alleged injuries(the "Underlying Lawsuit").

2. On September 7, 2017, Carr & Duff joined "Walsh Construction" to the Underlying Lawsuit by filing a third-party complaint against it and has since taken the position that it intended to join "Walsh Construction" and not "Walsh Construction Company II, LLC" as a party to the Underlying Lawsuit.

3. Walsh Construction Company II, LLC is named as an additional insured under Insurance Policy Number ZAGLB9203000 (the "Policy") issued to Carr & Duff by Arch in connection with a contract between Carr & Duff and Walsh relating to work on the Project in Philadelphia, Pennsylvania. *See* **Exhibit 1**, Certificate of Insurance.

4. Through this Complaint, Walsh Construction Company II, LLC seeks to recover damages arising from Arch's failure to meet its contractual obligations to defend and indemnify Walsh Construction Company II, LLC owed under the Policy in response to a claim arising from Carr & Duff's performance of certain services on the Project in Philadelphia, Pennsylvania pursuant to the contract between Carr & Duff and Walsh Construction Company II, LLC (the "Indemnity Contract"). A copy of the Indemnity Contract is attached as **Exhibit 2**.

5. Additionally, Walsh Construction Company II, LLC seeks declaratory relief pursuant to 28 U.S.C. § 2201 concerning the obligations owed by Arch to Walsh Construction Company II, LLC pursuant to the terms of the Policy in connection with the defense expenses being incurred by Walsh Construction Company II, LLC on a going forward basis arising from Carr & Duff's relocation of the power pole and line in connection with the Project.

6. Walsh Construction Company II, LLC seeks to recover the statutory penalties and relief available to it pursuant to 42 Pa. C.S.A § 8371, based on Arch's vexatious delay and failure to respond to Walsh Construction Company II, LLC's claim, including reimbursement of its attorneys' fees incurred pursuing coverage under the Policy, punitive damages as provided by the statute, and interest.

7. Through this Complaint, Walsh Construction Company II, LLC seeks to enforce its rights under the Indemnity Contract to recover indemnification for the defense expenses Walsh has incurred to date in the Underlying Lawsuit. Walsh Construction Company II, LLC also seeks declaratory relief pursuant to 28 U.S.C. § 2201 concerning the obligations owed to it by Carr & Duff pursuant to the Indemnity Contract in connection with the Underlying Lawsuit including concerning Carr & Duff's obligation to defend and indemnify Walsh in the Underlying Lawsuit. Additionally, Walsh Construction Company II, LLC seeks recovery from Carr & Duff of the attorney's fees and costs it has incurred to enforce its rights under the Indemnity Contract.

## THE PARTIES

8. Walsh Construction Company II, LLC is an Illinois limited liability company organized under the laws of the State of Illinois with a principal place of business at 929 West Adams Street, Chicago, Illinois 60607. Walsh Construction Company II, LLC is a citizen of the State of Illinois, and no other state, as each of its members is a citizen of only the State of Illinois.  Walsh has three members: (1) the Matthew M. and Margaret B. Walsh Trust for the benefit of the Matthew M. and Joyce S. Walsh Family Trust (the "Matthew Walsh Trust"); (2) the Matthew M. and Margaret B. Walsh Trust for the benefit of the Daniel J. and Patricia R. Walsh Family Trust (the "Daniel Walsh Trust"); and (3) Walsh Construction Group LLC. E. Bryan Dunigan III is the trustee for both the Matthew Walsh Trust and the Daniel Walsh Trust. Mr. Dunigan is an individual who is a citizen of Cook County, Illinois. Accordingly, both the Matthew Walsh Trust and the Daniel Walsh Trust are citizens of Illinois.

9. Arch is a Missouri corporation with its principal place of business in Kansas City, Missouri, and is a citizen of the State of Missouri.

10. Carr & Duff is a Pennsylvania corporation with its principal place of business in Montgomery, Pennsylvania, and is a citizen of the Commonwealth of Pennsylvania.

**JURISDICTION AND VENUE**

11. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) as there is complete diversity of citizenship between the parties, as Plaintiff Walsh Construction Company II, LLC is a citizen of the State of Illinois, Defendant Arch is a citizen of the State of Missouri, Defendant Carr & Duff is a citizen of the Commonwealth of Pennsylvania, and the amount in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum of $75,000.

12. The venue in this judicial district is proper pursuant to 28 U.S.C. §1391(b) as a substantial part of the events and omissions giving rise to the claims that are the subject to this litigation occurred within this judicial district.

**THE INDEMNITY CONTRACT AND POLICY AT ISSUE**

13. On or about February 7, 2013, Walsh Construction Company II, LLC entered into the Indemnity Contract with Carr & Duff. Pursuant to the Indemnity Contract, Carr & Duff agreed to perform certain services as a subcontractor of Walsh Construction Company II, LLC with respect to the Project.

14. Pursuant to the Indemnity Contract, Carr & Duff undertook to perform various services including the relocation of a power pole and line for the Project.

15. Pursuant to Article 10 of the Indemnity Contract, Carr & Duff agreed to obtain insurance coverage including General Liability Insurance pursuant to which Walsh Construction Company II, LLC would be named as an additional insured consistent with the other terms including specified limits of coverage described in the Indemnity Contract.

16.     Carr & Duff caused Walsh Construction Company II, LLC and various other entities to be named as additional insureds under the Policy in connection with the work to be performed under the Indemnity Contract.

17.     On or about October 9, 2015, Walsh Construction Company II, LLC's employee, Hattenbach, was allegedly injured while working on site at the Project when a temporary traffic signal pole fell onto Hattenbach.

18.     On or about March 16, 2017, Hattenbach and his wife, Nancy Hattenbach (collectively, the "Hattenbachs") commenced the Underlying Lawsuit by filing a personal injury complaint against several defendants including Carr & Duff. In the Underlying Lawsuit, the Hattenbachs alleged that certain acts or omissions by Carr & Duff, as well as by the other defendants identified by them, caused an accident in which Hattenbach was injured and caused damages to the Hattenbachs.

19.     On September 7, 2017, Carr & Duff filed a Joinder Complaint against "Walsh Construction" joining "Walsh Construction" as a defendant to the Underlying Lawsuit and seeking recovery from "Walsh Construction" for the damages presented in the Underlying Lawsuit.

20.     "Walsh Construction" does not exist. At the time Carr & Duff joined "Walsh Construction," it was aware that there was no legal entity that existed as "Walsh Construction."

21.     Carr & Duff entered the Indemnity Contract with "Walsh Construction Company II, LLC" and had actual knowledge of the legal entity with responsibilities connected with the Project.

22.     Additionally, following the filing of the Joinder Complaint, Carr & Duff was advised that "Walsh Construction" does not exist as a legal entity and notified that the "Walsh"

legal entity with responsibilities in connection with the Project was Walsh Construction Company II, LLC.

23.     Carr & Duff deliberately chose to fraudulently join "Walsh Construction" in an attempt to avoid the statutory bar to its recovery against Walsh Construction Company II, LLC, Hattenbach's employer, arising from Pennsylvania's workers' compensation statute. *See* **Exhibit 3**, Joinder Complaint. Carr & Duff understood that Walsh Construction Company II, LLC was immune from suit under Pennsylvania Workers' Compensation Act, 77 P.S. § 411., and thus joined an entity that it called "Walsh Construction" in an attempt to avoid the statutory bar.

24.     Carr & Duff refused to dismiss the Joinder Complaint against "Walsh Construction" and contends that its cross-construction Complaint in the Underlying Lawsuit is pending against "Walsh Construction" and not against "Walsh Construction Company II, LLC."

25.     After "Walsh Construction" was joined as a defendant in the Underlying Lawsuit, Walsh Construction Company II, LLC incurred the expense of defending the claims asserted against "Walsh Construction" as "Walsh Construction" does not exist as a legal entity.

26.     Walsh Construction Company II, LLC tendered its defense of the Underlying Lawsuit to Carr & Duff. However, Carr & Duff has declined to defend Walsh Construction Company II, LLC.

27.     Additionally, Walsh Construction Company II, LLC has tendered its defense of the Underlying Lawsuit to Arch.

28.     The Policy provides additional insured coverage to Walsh Construction Company II, LLC and "related entities." Although "Walsh Construction" does not exist as a legal entity, it is clear that it has been joined in error and that to the extent that Walsh Construction Company II, LLC is not a party, "Walsh Construction" is a related entity.

29. However, despite multiple demands that Arch assume defense of Walsh Construction Company II, LLC or Walsh Construction in the Underlying Lawsuit, Arch has failed to respond to the tender of defense.

30. The Indemnity Contract requires coverage for Walsh Construction Company II, LLC and related entities.

31. Walsh Construction Company II, LLC appeared in the Underlying Lawsuit on behalf of "Walsh Construction" and has incurred the costs of that defense.

32. In the Joinder Complaint, Carr & Duff alleges that acts or omissions by "Walsh Construction" caused or contributed to cause the bodily injury for which the Hattenbachs seek recovery in the Underlying Lawsuit.

33. Walsh Construction Company II, LLC and "Walsh Construction" are additional insureds under the Policy with respect to any suit seeking damages for bodily injury caused in whole or in part by Carr & Duff's negligent acts or operations or the acts or omissions of those acting on its behalf in the performance of its ongoing operations for Walsh Construction Company II, LLC, and related entities, on the Project.

## COUNT I
## BREACH OF CONTRACT AGAINST ARCH INSURANCE

34. Walsh Construction Company II, LLC repeats and realleges the allegations of paragraphs 1 through 33 as the allegations of this paragraph 34.

35. The Joinder Complaint asserts a claim against "Walsh Construction" for contribution for any damages awarded to the Hattenbachs for alleged bodily injuries arising in whole or in part from Carr & Duff's acts or omissions arising out of its performance of relocation services provided for under the Indemnity Contract.

36. Carr & Duff was also notified of the tender but denied that Walsh Construction Company II, LLC qualified as an additional insured under the Policy as Carr & Duff's Joinder Complaint was directed at "Walsh Construction" and not Walsh Construction Company II, LLC. *See* **Exhibit 4**.

37. Under the Policy, Arch assumed a duty to defend Walsh Construction Company II, LLC for the claims alleged in the Underlying Lawsuit. There is coverage under the Policy for the bodily injury claims alleged in the Underlying Lawsuit as those claims are alleged to arise from the negligence of Carr & Duff in connection with the Project.

38. Pursuant to the terms of the Policy, Arch is obligated to defend and indemnify Walsh Construction Company II, LLC as an additional insured for claims arising out of an occurrence or actions assumed by Carr & Duff under the Indemnity Contract.

39. The cause of action brought in the Underlying Lawsuit is a claim for personal injury within the coverage of the Policy.

40. Walsh Construction Company II, LLC timely tendered the Underlying Lawsuit to Arch on or about October 12, 2017.

41. Arch never responded to Walsh Construction Company II, LLC's October 12, 2017 tender or otherwise advised on Arch's coverage position.

42. Arch has not provided a defense to "Walsh Construction" or Walsh Construction Company II, LLC in the Underlying Lawsuit.

43. Arch breached its obligations to Walsh Construction Company II, LLC arising from the Underlying Lawsuit through its failure to respond to Walsh Construction Company II, LLC's tender of the defense of the Underlying Lawsuit.

44. Walsh Construction Company II, LLC has met its obligations under the terms of the Policy in connection with the Underlying Lawsuit.

45. Walsh Construction Company II, LLC has sustained damages arising from the Underlying Lawsuit including, but not limited to, the attorneys' fees it has incurred in responding to the Underlying Lawsuit and in the perfection of Walsh Construction Company II, LLC's rights under the Policy.

**WHEREFORE**, Plaintiff Walsh Construction Company II, LLC respectfully requests that judgment be entered in its favor and against Defendant Arch for the damages that it proves at trial, prejudgment interest and for such other relief as this Court deems just.

## COUNT II
## DECLARATORY RELIEF AGAINST ARCH INSURANCE

46. Walsh Construction Company II, LLC repeats and realleges the allegations of paragraphs 1 through 45 as the allegations of this paragraph 46.

47. The Underlying Lawsuit includes claims against Walsh Construction Company II, LLC that are within the coverage of the Policy.

48. Walsh Construction Company II, LLC tendered the defense of the Underlying Lawsuit to Arch in 2017.

49. There has been no response at all from Arch as to its coverage position with respect to the tender by Walsh Construction Company II, LLC of the Underlying Lawsuit.

50. A justiciable controversy exists between Walsh Construction Company II, LLC and Arch with respect to Arch's obligations to Walsh Construction Company II, LLC under the Policy in connection with the Underlying Lawsuit including Arch's duty to defend and indemnify Walsh Construction Company II, LLC and "Walsh Construction" in connection with the Underlying Lawsuit.

WHEREFORE, Plaintiff Walsh Construction Company II, LLC respectfully requests that judgment be entered in its favor and against Arch declaring that Arch has an obligation to defend and a duty to indemnify Walsh Construction Company II, LLC for any loss and expenses arising from or incurred in connection with the Underlying Lawsuit and for such other relief as this Court deems just.

## COUNT III
## BAD FAITH AGAINST ARCH INSURANCE

51. Walsh Construction Company II, LLC repeats and realleges the allegations of paragraphs 1 through 50 as the allegations of this paragraph 51.

52. Pursuant to 42 Pa. C.S.A. § 8371, in any action by or against an insurance company in which there is a finding that the insurance company acted in bad faith against the insured, the Court may award the attorney's fees and costs incurred by the insured to prosecute its claim against the insurance company, punitive damages, and an award of interest at the rate of the prime rate of interest plus 3%.

53. Arch failed to respond to Walsh Construction Company II, LLC's tender of the Underlying Lawsuit and owes Walsh Construction Company II, LLC a defense in the Underlying Lawsuit but has failed to provide that defense.

54. Although Walsh Construction Company II, LLC has made multiple demands on Arch that it provide a defense to Walsh Construction Company II, LLC or any related entities in the Underlying Lawsuit, Arch has failed to respond in any manner. Arch has not even responded in any manner to Walsh Construction Company II, LLC's tender of the Underlying Lawsuit.

55. Arch has failed to make any response to the tender by Walsh Construction Company II, LLC. Arch's actions have demonstrated a deliberate indifference to Walsh Construction Company II, LLC's rights as an additional insured under the Policy and to Arch's

obligations to Walsh Construction Company II, LLC under the Policy including an obligation to take a coverage position and to communicate that coverage position on a timely basis. Arch has engaged in bad faith conduct with respect to Walsh Construction Company II, LLC's tender of the Underlying Lawsuit.

**WHEREFORE**, Plaintiff Walsh Construction Company II, LLC respectfully requests that judgment be entered in its favor against Arch awarding Plaintiff Walsh Construction Company II, LLC punitive damages, its reasonable attorneys' fees and costs incurred in enforcing its rights against Arch through this lawsuit, and interest on those amounts from the date Walsh Construction Company II, LLC first tendered the defense of the Underlying Lawsuit to Arch at the prime rate of interest plus 3%, as well as such other relief as this Court deems just.

## COUNT IV
## BREACH OF CONTRACT AGAINST CARR & DUFF

56. Walsh Construction Company II, LLC repeats and realleges the allegations of paragraphs 1 through 55 as the allegations of this paragraph 56.

57. Pursuant to the Indemnity Contract, Carr & Duff undertook an obligation to defend and indemnify Walsh Construction Company II, LLC for any and all claims alleged to arise from or relate to acts, omissions, or negligence of Carr & Duff regardless of the merit of those claims.

58. Pursuant to the Indemnity Contract, Carr & Duff undertook an obligation to cause Walsh Construction Company II, LLC, including but not limited to "related entities" to be included as additional insureds on Carr & Duff's insurance program relating to the Project including as additional insureds on Carr & Duff's Comprehensive General Liability Insurance Policy with limits of not less than $2,000,000.00.

59. Carr & Duff, in an effort to circumvent the Pennsylvania workers' compensation statute, as well as its obligations under the Indemnity Contract, fraudulently joined "Walsh Construction" as a party to the Underlying Lawsuit.

60. Walsh Construction Company II, LLC timely tendered the defense of the claims asserted against "Walsh Construction" to Carr & Duff pursuant to the terms of the Indemnity Contract.

61. Carr & Duff declined to provide Walsh Construction Company II, LLC a defense against the claims asserted against Walsh Construction Company II, LLC in the Underlying Lawsuit.

62. The actions of Carr & Duff, joining "Walsh Construction," an entity that was not a party to the Indemnity Contract and that it knew or should have known was not a legal entity and did not provide services in connection with the Project, was an improper attempt to avoid the obligations it owed to Walsh Construction Company II, LLC through the Indemnity Contract.

63. Prior to the inception of its work on the Project, Carr & Duff provided a certificate of insurance to Walsh Construction Company II, LLC suggesting that Carr & Duff had caused Walsh Construction Company II, LLC and related entities to be additional insureds on Carr & Duff's Comprehensive General Liability Coverage relating to the Project with policy limits of at least $2,000,000.00. *See* **Exhibit 1**.

64. However, although Walsh Construction Company II, LLC timely tendered the defense of the Underlying Lawsuit to Arch, the insurer, Walsh Construction Company II, LLC has not received a response to its tender from Arch.

65. Walsh Construction Company II, LLC has fully performed its obligations to Carr & Duff owed under the Indemnity Contract.

66.     Walsh has incurred expenses to defend itself and to defend "Walsh Construction" in the Underlying Lawsuit.

**WHEREFORE**, Plaintiff Walsh Construction Company II, LLC respectfully requests that judgment be entered in its favor awarding the damages that it has incurred in connection with the Underlying Lawsuit and the Hattenbach Claim including the attorney's fees and costs that it has incurred in defense of the Underlying Lawsuit and the Hattenbach Claim, as well as such other relief as this Court deems just.

## COUNT V
## DECLARATORY RELIEF AGAINST CARR & DUFF

67.     Walsh Construction Company II, LLC repeats and realleges the allegations of paragraphs 1 through 66 as the allegations of this paragraph 67.

68.     Walsh Construction Company II, LLC alleges that Carr & Duff is obligated to defend and indemnify it in connection with the claims asserted against "Walsh Construction" Company II, LLC and against "Walsh Construction" in connection with the claims asserted in the Underlying Lawsuit pursuant to the terms of the Indemnity Contract.

69.     Carr & Duff is obligated to defend and indemnify Walsh Construction Company II, LLC or "Walsh Construction" in connection with the claims asserted in the Underlying Lawsuit.

71.     Carr & Duff is obligated to cause Walsh Construction Company II, LLC and related entities to be additional insureds under Carr & Duff's Comprehensive General Liability Insurance Policy in connection with the work for which Carr & Duff contracted to provide pursuant to the Indemnity Contract.

72.     A justiciable controversy exists between Walsh Construction Company II, LLC and Carr & Duff with respect to Carr & Duff's obligation under the terms of the Indemnity

Contract to defend and indemnify Walsh Construction Company II, LLC or the party that Carr & Duff chose to identify as "Walsh Construction" in connection with the claims asserted in the Underlying Lawsuit.

**WHEREFORE**, Plaintiff Walsh Construction Company II, LLC respectfully requests that judgment be entered in its favor and against Carr & Duff declaring that Carr & Duff has an obligation to defend and a duty to indemnify Walsh Construction Company II, LLC for any loss and expenses arising from or incurred in connection with the Underlying Lawsuit and for such other relief as this Court deems just.

### JURY TRIAL DEMAND

73.     Walsh Construction Company II, LLC hereby demands a trial by jury in the above-captioned action pursuant to Federal Rule of Civil Procedure 38(b).

Dated: March 31, 2020

                                        Respectfully submitted,

                                        */s/   David W. Engstrom*

                                        David W. Engstrom  (PA ID #76178)
                                        LAW OFFICE OF DAVID W. ENGSTROM
                                        201 King of Prussia Road, Suite 650
                                        Radnor, PA 19087-5156
                                        Phone: (215) 375-7885
                                        Fax: (215) 375-7882
                                        Email: dwe@dwengstromlaw.com

*Of Counsel:*

David B. Goodman (ARDC #6201242)
Kalli Nies (ARDC #6318089)
Jacqueline Carroll (ARDC #6285886)
GOODMAN LAW GROUP | Chicago
20 North Clark Street – Suite 3300
Chicago, Illinois 60606