IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WALSH CONSTRUCTION COMPANY II, LLC,<br>929 West Adams Street<br>Chicago, Illinois 60607 | ) ) ) ) | JURY DEMAND |
| | ) | |
| Plaintiff, | ) | |
| v. | ) ) | |
| ARCH INSURANCE COMPANY<br>2345 Grand Boulevard<br>Suite 900<br>Kansas City, MO 64108 | ) ) ) ) ) | Case No. 20-1679 |
| CARR AND DUFF, INC.,<br>2100 Byberry Road<br>Huntingdon Valley, PA 19006 | ) ) ) ) | |
| BRUCE & MERRILEES ELECTRIC, CO.,<br>1228 S. Mill St.<br>New Castle, PA 16101 | ) ) ) ) | |
| NATIONAL UNION FIRE INSURANCE<br>CO. OF PITTSBURGH, PA<br>175 Water St., 18th Floor<br>New York, New York 10038 | ) ) ) ) ) ) | |
| Defendants. | ) | |

## FIRST AMENDED COMPLAINT

Plaintiff, Walsh Construction Company II, LLC, by and through its undersigned counsel,
hereby files as a matter of course the following First Amended Complaint ("Complaint") against
Defendants Arch Insurance Company ("Arch"), Carr And Duff, Inc. ("Carr & Duff"), Bruce &
Merrilees Electric, Co. ("Bruce & Merrilees"), and National Union Fire Insurance Co. of
Pittsburgh, PA ("National Union") (Arch, Carr & Duff, Bruce & Merrilees, and National Union
are collectively referred to as the "Defendants"), and in support thereof, alleges as follows:

1.      On or about October 9, 2015, Donald Hattenbach ("Hattenbach"), an employee of Walsh Construction Company II, LLC, alleges he was injured while working on a construction project relating to work to be performed by Carr & Duff and Bruce & Merrilees on the PennDOT project known as CP2 ("the Project").

2.      On March 1, 2017, Hattenbach filed a lawsuit against Carr & Duff, ABC Construction Company, Inc., and the Pennsylvania Department of Transportation ("PennDOT") entitled *Donald Hattenbach v. Carr and Duff, Inc. et al.*, Philadelphia Court of Common Pleas, Feb. 2017 Case No. 7552, seeking recovery for the alleged injuries (the "Underlying Lawsuit"). Hattenbach filed an amended complaint joining Bruce & Merrilees as a defendant in the Underlying Lawsuit on June 20, 2017.

3.      On September 7, 2017, Carr & Duff joined "Walsh Construction" to the Underlying Lawsuit by filing a third-party complaint against it and has since taken the position that it intended to join "Walsh Construction" and not "Walsh Construction Company II, LLC" as a party to the Underlying Lawsuit.

4.      Walsh Construction Company II, LLC is named as an additional insured under Insurance Policy Number ZAGLB9203000 (the "Arch Policy") issued to Carr & Duff by Arch in connection with a contract between Carr & Duff and Walsh relating to work on the Project in Philadelphia, Pennsylvania. *See* **Exhibit 1**, Certificate of Insurance.

5.      Walsh Construction Company II, LLC also subcontracted with Bruce & Merrilees in connection with the Project. Pursuant to that subcontract, Bruce & Merrilees undertook to cause Walsh Construction Company II, LLC to be named as an additional insured under Insurance Policy Number 1595586 ("National Union Policy") issued to Bruce & Merrilees by National Union with respect to Bruce & Merrilees' work on the Project. *See* **Exhibit 5**,

Certificate of Insurance. A copy of the subcontract between Walsh Construction Company II, LLC and Bruce & Merrilees (the "Indemnity Subcontract") is attached as **Exhibit 6**. A copy of Walsh Construction Company II, LLC's tender of the defense of the Underlying Lawsuit is attached as **Exhibit 7**.

6.      Through this Complaint, Walsh Construction Company II, LLC seeks to recover damages arising from Arch's failure to meet its contractual obligations to defend and indemnify Walsh Construction Company II, LLC owed under the Arch Policy in response to a claim arising from Carr & Duff's performance of certain services on the Project in Philadelphia, Pennsylvania pursuant to the contract between Carr & Duff and Walsh Construction Company II, LLC (the "Indemnity Contract"). A copy of the Indemnity Contract is attached as **Exhibit 2**.

7.      Through this Complaint, Walsh Construction Company II, LLC seeks to recover damages arising from National Union's failure to meet its contractual obligations to defend and indemnify Walsh Construction Company II, LLC owed under the National Union Policy in response to a claim arising from Bruce & Merrilees' performance of certain services on the Project in Philadelphia, Pennsylvania pursuant to the Indemnity Subcontract.

8.      Walsh Construction Company II, LLC seeks declaratory relief pursuant to 28 U.S.C. § 2201 concerning the obligations owed by Arch to Walsh Construction Company II, LLC pursuant to the terms of the Arch Policy in connection with the defense expenses being incurred by Walsh Construction Company II, LLC on a going forward basis arising from Carr & Duff's relocation of the power pole and line in connection with the Project.

9.      Additionally, Walsh Construction Company II, LLC seeks declaratory relief pursuant to 28 U.S.C. § 2201 concerning the obligations owed by National Union to Walsh Construction Company II, LLC pursuant to the terms of the National Union Policy in connection

with the defense expenses being incurred by Walsh Construction Company II, LLC on a going forward basis arising from Bruce & Merrilees' work in connection with the Project.

10.     Walsh Construction Company II, LLC seeks to recover the statutory penalties and relief available to it pursuant to 42 Pa. C.S.A § 8371, based on Arch's vexatious delay and failure to adequately respond to Walsh Construction Company II, LLC's claim, including reimbursement of its attorneys' fees incurred pursuing coverage under the Arch Policy, punitive damages as provided by the statute, and interest.

11.     Walsh Construction Company II, LLC seeks to recover the statutory penalties and relief available to it pursuant to 42 Pa. C.S.A § 8371, based on National Union's vexatious delay and failure to respond to Walsh Construction Company II, LLC's claim, including reimbursement of its attorneys' fees incurred pursuing coverage under the National Union Policy, punitive damages as provided by the statute, and interest.

12.     Through this Complaint, Walsh Construction Company II, LLC seeks to enforce its rights under the Indemnity Contract to recover indemnification for the defense expenses Walsh has incurred to date in the Underlying Lawsuit. Walsh Construction Company II, LLC also seeks declaratory relief pursuant to 28 U.S.C. § 2201 concerning the obligations owed to it by Carr & Duff pursuant to the Indemnity Contract in connection with the Underlying Lawsuit including Carr & Duff's obligation to defend and indemnify Walsh Construction Company II, LLC in the Underlying Lawsuit. Additionally, Walsh Construction Company II, LLC seeks recovery from Carr & Duff of the attorney's fees and costs it has incurred to enforce its rights under the Indemnity Contract.

13.     Through this Complaint, Walsh Construction Company II, LLC seeks to enforce its rights under the Indemnity Subcontract to recover indemnification for the defense expenses Walsh Construction Company II, LLC has incurred to date in the Underlying Lawsuit. Walsh Construction

Company II, LLC also seeks declaratory relief pursuant to 28 U.S.C. § 2201 concerning the

obligations owed to it by Bruce & Merrilees pursuant to the Indemnity Subcontract in connection

with the Underlying Lawsuit including Bruce & Merrilees' obligation to defend and indemnify

Walsh Construction Company II, LLC in the Underlying Lawsuit. Additionally, Walsh Construction

Company II, LLC seeks recovery from Bruce & Merrilees of the attorney's fees and costs it has

incurred to enforce its rights under the Indemnity Subcontract.

### THE PARTIES

14.     Walsh Construction Company II, LLC is an Illinois limited liability company

organized under the laws of the State of Illinois with a principal place of business at 929 West

Adams Street, Chicago, Illinois 60607. Walsh Construction Company II, LLC is a citizen of the

State of Illinois, and no other state, as each of its members is a citizen of only the State of

Illinois.  Walsh has three members: (1) the Matthew M. and Margaret B. Walsh Trust for the

benefit of the Matthew M. and Joyce S. Walsh Family Trust (the "Matthew Walsh Trust"); (2)

the Matthew M. and Margaret B. Walsh Trust for the benefit of the Daniel J. and Patricia R.

Walsh Family Trust (the "Daniel Walsh Trust"); and (3) Walsh Construction Group LLC. E.

Bryan Dunigan III is the trustee for both the Matthew Walsh Trust and the Daniel Walsh Trust.

Mr. Dunigan is an individual who is a citizen of Cook County, Illinois. Accordingly, both the

Matthew Walsh Trust and the Daniel Walsh Trust are citizens of Illinois.

16.     Arch is a Missouri corporation with its principal place of business in Kansas City,

Missouri, and is a citizen of the State of Missouri.

17.     Carr & Duff is a Pennsylvania corporation with its principal place of business in

Montgomery, Pennsylvania, and is a citizen of the Commonwealth of Pennsylvania.

18.     Bruce & Merrilees is a Pennsylvania corporation with its principal place of

business in New Castle, Pennsylvania, and is a citizen of the Commonwealth of Pennsylvania.

19.     National Union is a Pennsylvania corporation with its principal place of business in New York and is a citizen of the Commonwealth of Pennsylvania.

## JURISDICTION AND VENUE

20.     This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) as there is complete diversity of citizenship between Plaintiff and the Defendants, and the amount in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum of $75,000. Diversity of citizen exists between Plaintiff and the Defendants, as Plaintiff Walsh Construction Company II, LLC is a citizen of the State of Illinois, and Defendant Arch is a citizen of the State of Missouri, Defendant Carr & Duff is a citizen of the Commonwealth of Pennsylvania, Bruce & Merrilees is a citizen of the Commonwealth of Pennsylvania, and National Union is a citizen of the Commonwealth of Pennsylvania.

21.     The venue in this judicial district is proper pursuant to 28 U.S.C. §1391(b) as a substantial part of the events and omissions giving rise to the claims that are the subject to this litigation occurred within this judicial district.

## THE INDEMNITY CONTRACTS AND POLICIES AT ISSUE

### The Carr & Duff Contract and Arch Policy

22.     On or about February 7, 2013, Walsh Construction Company II, LLC entered into the Indemnity Contract with Carr & Duff. Pursuant to the Indemnity Contract, Carr & Duff agreed to perform certain services as a subcontractor of Walsh Construction Company II, LLC with respect to the Project including the relocation of a power pole and line for the Project.

23.     Pursuant to Article 9 of the Indemnity Contract, Bruce & Merrilees agreed it had a duty to defend Walsh Construction Company II, LLC for claims arising directly or indirectly out of Bruce & Merrilees' negligent work on the Project.

24.     Pursuant to Article 10 of the Indemnity Contract, Carr & Duff agreed to obtain insurance coverage including General Liability Insurance pursuant to which Walsh Construction Company II, LLC would be named as an additional insured consistent with the other terms including specified limits of coverage described in the Indemnity Contract.

25.     Carr & Duff caused Walsh Construction Company II, LLC and various other entities to be named as additional insureds under the Arch Policy in connection with the work to be performed under the Indemnity Contract.

26.     On or about October 9, 2015, Walsh Construction Company II, LLC's employee, Hattenbach, was allegedly injured while working on site at the Project when a temporary traffic signal pole fell onto Hattenbach.

27.     On or about March 16, 2017, Hattenbach and his wife, Nancy Hattenbach (collectively, the "Hattenbachs") commenced the Underlying Lawsuit by filing a personal injury complaint against several defendants including Carr & Duff. In the Underlying Lawsuit, the Hattenbachs alleged that certain acts or omissions by Carr & Duff, as well as by the other defendants identified by them, caused an accident in which Hattenbach was injured and caused damages to the Hattenbachs.

28.     On September 7, 2017, Carr & Duff filed a Joinder Complaint against "Walsh Construction" joining "Walsh Construction" as a defendant to the Underlying Lawsuit and seeking recovery from "Walsh Construction" for the damages presented in the Underlying Lawsuit.

29.      "Walsh Construction" does not exist. At the time Carr & Duff joined "Walsh Construction," it was aware that there was no legal entity that existed as "Walsh Construction."

30.    Carr & Duff entered the Indemnity Contract with "Walsh Construction Company II, LLC" and had actual knowledge of the legal entity with responsibilities connected with the Project.

31.    Additionally, following the filing of the Joinder Complaint, Carr & Duff was advised that "Walsh Construction" does not exist as a legal entity and notified that the "Walsh" legal entity with responsibilities in connection with the Project was Walsh Construction Company II, LLC.

32.    Carr & Duff deliberately chose to fraudulently join "Walsh Construction" in an attempt to avoid the statutory bar to its recovery against Walsh Construction Company II, LLC, Hattenbach's employer, arising from Pennsylvania's workers' compensation statute. *See* **Exhibit 3**, Joinder Complaint. Carr & Duff understood that Walsh Construction Company II, LLC was immune from suit under Pennsylvania Workers' Compensation Act, 77 P.S. § 411., and thus joined an entity that it called "Walsh Construction" in an attempt to avoid the statutory bar.

33.    Carr & Duff refused to dismiss the Joinder Complaint against "Walsh Construction" and contends that its cross-construction Complaint in the Underlying Lawsuit is pending against "Walsh Construction" and not against "Walsh Construction Company II, LLC."

34.    After "Walsh Construction" was joined as a defendant in the Underlying Lawsuit, Walsh Construction Company II, LLC incurred the expense of defending the claims asserted against "Walsh Construction" as "Walsh Construction" does not exist as a legal entity.

35.    Walsh Construction Company II, LLC tendered its defense of the Underlying Lawsuit to Carr & Duff. However, Carr & Duff has declined to defend Walsh Construction Company II, LLC.

**The Bruce & Merrilees Subcontract and National Union Policy**

36.     On or about September 11, 2012, Walsh Construction Company II, LLC entered into the Indemnity Subcontract with Bruce & Merrilees. This Indemnity Subcontract was executed on January 25, 2013. Pursuant to the Indemnity Subcontract, Bruce & Merrilees agreed to perform certain services as a subcontractor of Walsh Construction Company II, LLC with respect to the Project.

37.     Pursuant to the Indemnity Subcontract, Bruce & Merrilees undertook to perform various services including certain electrical work for the Project.

38.     Pursuant to Article 10 of the Indemnity Subcontract, Bruce & Merrilees agreed to obtain insurance coverage including General Liability Insurance pursuant to which Walsh Construction Company II, LLC would be named as an additional insured consistent with the other terms including specified limits of coverage described in the Indemnity Subcontract.

39.     Walsh Construction Company II, LLC was named as an additional insured on the National Union Policy.

40.     Pursuant to Article 9 of the Indemnity Subcontract, Bruce & Merrilees agreed it had a duty to defend Walsh Construction Company II, LLC for claims arising directly or indirectly out of Bruce & Merrilees' work on the Project.

41.      In the Underlying Lawsuit, the Hattenbachs alleged that due to Bruce & Merrilees' negligence while setting up the temporary traffic signal pole, Bruce & Merrilees caused an accident in which Hattenbach was injured and caused damages to the Hattenbachs.

42.     Walsh Construction company II, LLC was improperly joined by Carr & Duff tendered its defense of the Underlying Lawsuit to Bruce & Merrilees. However, Bruce & Merrilees has declined to defend Walsh Construction Company II, LLC.

43.     Additionally, Walsh Construction Company II, LLC has tendered its defense of the Underlying Lawsuit to National Union. National Union has failed to respond to the tender of defense.

44.     Walsh Construction Company II, LLC is an additional insured under the National Union Policy with respect to any suit seeking damages for bodily injury caused in whole or in part by Bruce & Merrilees negligent acts or operations or the acts or omissions of those acting on its behalf in the performance of its ongoing operations for Walsh Construction Company II, LLC, on the Project.

## COUNT I

## BREACH OF CONTRACT AGAINST ARCH INSURANCE

45.     Walsh Construction Company II, LLC repeats and realleges the allegations of paragraphs 1 through 44 as the allegations of this paragraph 45.

46.     The Joinder Complaint asserts a claim against "Walsh Construction" for contribution for any damages awarded to the Hattenbachs for alleged bodily injuries arising in whole or in part from Carr & Duff's acts or omissions arising out of its performance of relocation services provided for under the Indemnity Contract.

47.     Carr & Duff was also notified of the tender but denied that Walsh Construction Company II, LLC qualified as an additional insured under the Arch Policy as Carr & Duff's Joinder Complaint was directed at "Walsh Construction" and not Walsh Construction Company II, LLC. *See* **Exhibit 4**.

48.     Under the Arch Policy, Arch assumed a duty to defend Walsh Construction Company II, LLC for the claims alleged in the Underlying Lawsuit. There is coverage under the

Arch Policy for the bodily injury claims alleged in the Underlying Lawsuit as those claims are alleged to arise from the negligence of Carr & Duff in connection with the Project.

49.     Pursuant to the terms of the Arch Policy, Arch is obligated to defend and indemnify Walsh Construction Company II, LLC as an additional insured for claims arising out of an occurrence or actions assumed by Carr & Duff under the Indemnity Contract.

50.     The cause of action brought in the Underlying Lawsuit is a claim for personal injury within the coverage of the Arch Policy.

51.     Walsh Construction Company II, LLC timely tendered the Underlying Lawsuit to Arch on or about October 12, 2017.

52.     Arch never responded to Walsh Construction Company II, LLC's October 12, 2017 tender or otherwise advised on Arch's coverage position. It did not respond to the tender by Walsh Construction Company II, LLC until it denied that entity's tender on April 1, 2020.

53.     Arch has not provided a defense to "Walsh Construction" or Walsh Construction Company II, LLC in the Underlying Lawsuit.

54.     Arch breached its obligations to Walsh Construction Company II, LLC arising from the Underlying Lawsuit through its failure to respond to Walsh Construction Company II, LLC's tender of the defense of the Underlying Lawsuit.

55.     Walsh Construction Company II, LLC has met its obligations under the terms of the Arch Policy in connection with the Underlying Lawsuit.

56.     Walsh Construction Company II, LLC has sustained damages arising from the Underlying Lawsuit including, but not limited to, the attorneys' fees it has incurred in responding to the Underlying Lawsuit and in the perfection of Walsh Construction Company II, LLC's rights under the Arch Policy.

**WHEREFORE**, Plaintiff Walsh Construction Company II, LLC respectfully requests that judgment be entered in its favor and against Defendant Arch for the damages that it proves at trial, prejudgment interest and for such other relief as this Court deems just.

## COUNT II

## DECLARATORY RELIEF AGAINST ARCH INSURANCE

57.      Walsh Construction Company II, LLC repeats and realleges the allegations of paragraphs 1 through 56 as the allegations of this paragraph 57.

58.      The Underlying Lawsuit includes claims against Walsh Construction Company II, LLC that are within the coverage of the Arch Policy.

59.      Walsh Construction Company II, LLC tendered the defense of the Underlying Lawsuit to Arch in 2017.

60.      There had been no response at all from Arch as to its coverage position with respect to the tender by Walsh Construction Company II, LLC of the Underlying Lawsuit until April 1, 2020 when Arch purported to accept the defense of certain entities but denied the tender by Walsh Construction Company II, LLC.

61.      A justiciable controversy exists between Walsh Construction Company II, LLC and Arch with respect to Arch's obligations to Walsh Construction Company II, LLC under the Arch Policy in connection with the Underlying Lawsuit including Arch's duty to defend and indemnify Walsh Construction Company II, LLC and "Walsh Construction" in connection with the Underlying Lawsuit.

**WHEREFORE**, Plaintiff Walsh Construction Company II, LLC respectfully requests that judgment be entered in its favor and against Arch declaring that Arch has an obligation to defend and a duty to indemnify Walsh Construction Company II, LLC for any loss and expenses

arising from or incurred in connection with the Underlying Lawsuit and for such other relief as this Court deems just.

## COUNT III

## BAD FAITH AGAINST ARCH INSURANCE

62.     Walsh Construction Company II, LLC repeats and realleges the allegations of paragraphs 1 through 61 as the allegations of this paragraph 62.

63.     Pursuant to 42 Pa. C.S.A. § 8371, in any action by or against an insurance company in which there is a finding that the insurance company acted in bad faith against the insured, the Court may award the attorney's fees and costs incurred by the insured to prosecute its claim against the insurance company, punitive damages, and an award of interest at the rate of the prime rate of interest plus 3%.

64.     Arch failed to respond to Walsh Construction Company II, LLC's tender of the Underlying Lawsuit until April 1, 2020 when it declined the tender by Walsh Construction Company II, LLC, and Arch owes Walsh Construction Company II, LLC a defense in the Underlying Lawsuit but has failed to provide that defense.

65.     Arch had not even responded in any manner to Walsh Construction Company II, LLC's tender of the Underlying Lawsuit until it was sued in this action and then Arch improperly denied that it owed Walsh Construction Company II, LLC a defense in the Underlying Lawsuit.

66.     Arch failed to make any response to the tender by Walsh Construction Company II, LLC until Arch was sued by Walsh Construction Company II, LLC in this lawsuit. Arch's actions have demonstrated a deliberate indifference to Walsh Construction Company II, LLC's rights as an additional insured under the Arch Policy and to Arch's obligations to Walsh Construction Company II, LLC under the Arch Policy including an obligation to take a coverage

position and to communicate that coverage position on a timely basis. Arch has engaged in bad faith conduct with respect to Walsh Construction Company II, LLC's tender of the Underlying Lawsuit.

**WHEREFORE**, Plaintiff Walsh Construction Company II, LLC respectfully requests that judgment be entered in its favor against Arch awarding Plaintiff Walsh Construction Company II, LLC punitive damages, its reasonable attorneys' fees and costs incurred in enforcing its rights against Arch through this lawsuit, and interest on those amounts from the date Walsh Construction Company II, LLC first tendered the defense of the Underlying Lawsuit to Arch at the prime rate of interest plus 3%,  as well as such other relief as this Court deems just.

## COUNT IV

## BREACH OF CONTRACT AGAINST CARR & DUFF

67.    Walsh Construction Company II, LLC repeats and realleges the allegations of paragraphs 1 through 66 as the allegations of this paragraph 67.

68.    Pursuant to the Indemnity Contract, Carr & Duff undertook an obligation to defend and indemnify Walsh Construction Company II, LLC for any and all claims alleged to arise from or relate to acts, omissions, or negligence of Carr & Duff regardless of the merit of those claims.

69.    Pursuant to the Indemnity Contract, Carr & Duff undertook an obligation to cause Walsh Construction Company II, LLC, including but not limited to "related entities" to be included as additional insureds on Carr & Duff's insurance program relating to the Project including as additional insureds on Carr & Duff's Comprehensive General Liability Insurance Arch Policy with limits of not less than $2,000,000.00.

70.    Carr & Duff, in an effort to circumvent the Pennsylvania workers' compensation statute, as well as its obligations under the Indemnity Contract, fraudulently joined "Walsh Construction" as a party to the Underlying Lawsuit.

71.    Walsh Construction Company II, LLC timely tendered the defense of the claims asserted against "Walsh Construction" to Carr & Duff pursuant to the terms of the Indemnity Contract.

72.    Carr & Duff declined to provide Walsh Construction Company II, LLC a defense against the claims asserted against Walsh Construction Company II, LLC in the Underlying Lawsuit.

73.    The actions of Carr & Duff, joining "Walsh Construction," an entity that was not a party to the Indemnity Contract and that it knew or should have known was not a legal entity and did not provide services in connection with the Project, was an improper attempt to avoid the obligations it owed to Walsh Construction Company II, LLC through the Indemnity Contract.

74.    Prior to the inception of its work on the Project, Carr & Duff provided a certificate of insurance to Walsh Construction Company II, LLC suggesting that Carr & Duff had caused Walsh Construction Company II, LLC and related entities to be additional insureds on Carr & Duff's Comprehensive General Liability Coverage relating to the Project with Arch policy limits of at least $2,000,000.00. *See* **Exhibit 1**.

75.    However, although Walsh Construction Company II, LLC timely tendered the defense of the Underlying Lawsuit to Arch, the insurer, Walsh Construction Company II, LLC has not received a response to its tender from Arch.

76.    Walsh Construction Company II, LLC has fully performed its obligations to Carr & Duff owed under the Indemnity Contract.

77.     Walsh Construction Company II, LLC has incurred expenses to defend itself and to defend "Walsh Construction" in the Underlying Lawsuit.

**WHEREFORE**, Plaintiff Walsh Construction Company II, LLC respectfully requests that judgment be entered in its favor awarding the damages that it has incurred in connection with the Underlying Lawsuit and the Hattenbach Claim including the attorney's fees and costs that it has incurred in defense of the Underlying Lawsuit and the Hattenbach Claim,  as well as such other relief as this Court deems just.

<u>**COUNT V**</u>

<u>**DECLARATORY RELIEF AGAINST CARR & DUFF**</u>

78.     Walsh Construction Company II, LLC repeats and realleges the allegations of paragraphs 1 through 77 as the allegations of this paragraph 78.

79.     Walsh Construction Company II, LLC alleges that Carr & Duff is obligated to defend and indemnify it in connection with the claims asserted against "Walsh Construction" Company II, LLC and against "Walsh Construction" in connection with the claims asserted in the Underlying Lawsuit pursuant to the terms of the Indemnity Contract.

80.     Carr & Duff is obligated to defend and indemnify Walsh Construction Company II, LLC or "Walsh Construction" in connection with the claims asserted in the Underlying Lawsuit.

81.     Carr & Duff is obligated to cause Walsh Construction Company II, LLC and related entities to be additional insureds under Carr & Duff's Comprehensive General Liability Insurance Policy in connection with the work for which Carr & Duff contracted to provide pursuant to the Indemnity Contract.

82.    A justiciable controversy exists between Walsh Construction Company II, LLC and Carr & Duff with respect to Carr & Duff's obligation under the terms of the Indemnity Contract to defend and indemnify Walsh Construction Company II, LLC or the party that Carr & Duff chose to identify as "Walsh Construction" in connection with the claims asserted in the Underlying Lawsuit.

**WHEREFORE**, Plaintiff Walsh Construction Company II, LLC respectfully requests that judgment be entered in its favor and against Carr & Duff declaring that Carr & Duff has an obligation to defend and a duty to indemnify Walsh Construction Company II, LLC for any loss and expenses arising from or incurred in connection with the Underlying Lawsuit and for such other relief as this Court deems just.

<u>**COUNT VI**</u>

<u>**BREACH OF CONTRACT AGAINST NATIONAL UNION**</u>

83.    Walsh Construction Company II, LLC repeats and realleges the allegations of paragraphs 1 through 82 as the allegations of this paragraph 83.

84.    Under Bruce & Merrilees' Indemnity Subcontract, Bruce & Merrilees assumed a duty to defend Walsh Construction Company II, LLC for the claims alleged in the Underlying Lawsuit. There is coverage under the National Union Policy for the bodily injury claims alleged in the Underlying Lawsuit as those claims are alleged to arise directly or indirectly from the work Bruce & Merrilees contracted to perform in connection with the Project.

85.    Pursuant to the terms of the National Union Policy, National Union is obligated to defend and indemnify Walsh Construction Company II, LLC as an additional insured for claims arising out of an occurrence or actions assumed by Bruce & Merrilees under the Indemnity Subcontract.

86.    The cause of action brought in the Underlying Lawsuit is a claim for personal injury within the coverage of the National Union Policy.

87.    Walsh Construction Company II, LLC timely tendered the Underlying Lawsuit to National Union on or about October 12, 2017.

88.    National Union never responded to Walsh Construction Company II, LLC's October 12, 2017 tender or otherwise advised on National Union's coverage position.

89.    National Union has not provided a defense to Walsh Construction Company II, LLC in the Underlying Lawsuit.

90.    National Union breached its obligations to Walsh Construction Company II, LLC arising from the Underlying Lawsuit through its failure to respond to Walsh Construction Company II, LLC's tender of the defense of the Underlying Lawsuit.

91.    Walsh Construction Company II, LLC has met its obligations under the terms of the National Union Policy in connection with the Underlying Lawsuit.

92.    Walsh Construction Company II, LLC has sustained damages arising from the Underlying Lawsuit including, but not limited to, the attorneys' fees it has incurred in responding to the Underlying Lawsuit and in the perfection of Walsh Construction Company II, LLC's rights under the National Union Policy.

**WHEREFORE**, Plaintiff Walsh Construction Company II, LLC respectfully requests that judgment be entered in its favor and against Defendant National Union for the damages that it proves at trial, prejudgment interest and for such other relief as this Court deems just.

## COUNT VII

## DECLARATORY RELIEF AGAINST NATION UNION

93.     Walsh Construction Company II, LLC repeats and realleges the allegations of paragraphs 1 through 92 as the allegations of this paragraph 93.

94.     The Underlying Lawsuit includes claims against Walsh Construction Company II, LLC that are within the coverage of the National Union Policy.

95.     Walsh Construction Company II, LLC tendered the defense of the Underlying Lawsuit to National Union in 2017.

96.     There has been no response at all from National Union as to its coverage position with respect to the tender by Walsh Construction Company II, LLC of the Underlying Lawsuit.

97.     A justiciable controversy exists between Walsh Construction Company II, LLC and National Union with respect to National Union's obligations to Walsh Construction Company II, LLC under the National Union Policy in connection with the Underlying Lawsuit including National Union's duty to defend and indemnify Walsh Construction Company II, LLC and "Walsh Construction" in connection with the Underlying Lawsuit.

**WHEREFORE**, Plaintiff Walsh Construction Company II, LLC respectfully requests that judgment be entered in its favor and against National Union declaring that National Union has an obligation to defend and a duty to indemnify Walsh Construction Company II, LLC for any loss and expenses arising from or incurred in connection with the Underlying Lawsuit and for such other relief as this Court deems just.

## COUNT VIII

## BAD FAITH AGAINST NATIONAL UNION

98.     Walsh Construction Company II, LLC repeats and realleges the allegations of paragraphs 1 through 97 as the allegations of this paragraph 98.

99.     Pursuant to 42 Pa. C.S.A. § 8371, in any action by or against an insurance company in which there is a finding that the insurance company acted in bad faith against the insured, the Court may award the attorney's fees and costs incurred by the insured to prosecute its claim against the insurance company, punitive damages, and an award of interest at the rate of the prime rate of interest plus 3%.

100.    National Union failed to respond to Walsh Construction Company II, LLC's tender of the Underlying Lawsuit and owes Walsh Construction Company II, LLC a defense in the Underlying Lawsuit but has failed to provide that defense.

101.    Although Walsh Construction Company II, LLC has made multiple demands National Union that it provide a defense to Walsh Construction Company II, LLC or any related entities in the Underlying Lawsuit, National Union has failed to respond in any manner. National Union has not even responded in any manner to Walsh Construction Company II, LLC's tender of the Underlying Lawsuit.

102.    National Union has failed to make any response to the tender by Walsh Construction Company II, LLC. National Union's actions have demonstrated a deliberate indifference to Walsh Construction Company II, LLC's rights as an additional insured under the National Union Policy and to National Union's obligations to Walsh Construction Company II, LLC under the National Union Policy including an obligation to take a coverage position and to

communicate that coverage position on a timely basis. National Union has engaged in bad faith conduct with respect to Walsh Construction Company II, LLC's tender of the Underlying Lawsuit.

**WHEREFORE**, Plaintiff Walsh Construction Company II, LLC respectfully requests that judgment be entered in its favor against National Union awarding Plaintiff Walsh Construction Company II, LLC punitive damages, its reasonable attorneys' fees and costs incurred in enforcing its rights against National Union through this lawsuit, and interest on those amounts from the date Walsh Construction Company II, LLC first tendered the defense of the Underlying Lawsuit to Arch at the prime rate of interest plus 3%,  as well as such other relief as this Court deems just.

## COUNT IX

## BREACH OF CONTRACT AGAINST BRUCE & MERRILEES

103.    Walsh Construction Company II, LLC repeats and realleges the allegations of paragraphs 1 through 102 as the allegations of this paragraph 103.

104.    Pursuant to the Indemnity Subcontract, Bruce & Merrilees undertook an obligation to defend and indemnify Walsh Construction Company II, LLC for any and all claims alleged to arise from or directly or indirectly relate to of the work undertaken by Bruce & Merrilees pursuant to the terms of the Indemnity Subcontract regardless of the merit of those claims.

105.    Pursuant to the Indemnity Subcontract, Bruce & Merrilees undertook an obligation to cause Walsh Construction Company II, LLC, to be included as additional insured on Bruce & Merrilees' Comprehensive General Liability Insurance National Union Policy with limits of not less than $1,000,000.00.

106.     Walsh Construction Company II, LLC timely tendered the defense of the claims asserted against it to Bruce & Merrilees pursuant to the terms of the Indemnity Subcontract.

107.     Bruce & Merrilees declined to provide Walsh Construction Company II, LLC a defense against the claims asserted against Walsh Construction Company II, LLC in the Underlying Lawsuit.

108.     Walsh Construction Company II, LLC has fully performed its obligations to Bruce & Merrilees under the Indemnity Subcontract.

109.     Walsh has incurred expenses to defend itself in the Underlying Lawsuit.

**WHEREFORE**, Plaintiff Walsh Construction Company II, LLC respectfully requests that judgment be entered in its favor awarding the damages that it has incurred in connection with the Underlying Lawsuit including the attorney's fees and costs that it has incurred in defense of the Underlying Lawsuit as well as such other relief as this Court deems just.

## COUNT X

## DECLARATORY RELIEF AGAINST BRUCE & MERRILEES

110.     Walsh Construction Company II, LLC repeats and realleges the allegations of paragraphs 1 through 109 as the allegations of this paragraph 110.

111.     Walsh Construction Company II, LLC alleges that Bruce & Merrilees is obligated to defend and indemnify it in connection with the claims asserted in the Underlying Lawsuit pursuant to the terms of the Indemnity Subcontract.

112.     Bruce & Merrilees is obligated to cause Walsh Construction Company II, LLC to be an additional insured under Bruce & Merrilees' Comprehensive General Liability Insurance Policy in connection with the work for which Bruce & Merrilees contracted to provide pursuant to the Indemnity Subcontract.

113.     A justiciable controversy exists between Walsh Construction Company II, LLC

and Bruce & Merrilees with respect to Bruce & Merrilees obligation under the terms of the

Indemnity Contract to defend and indemnify it in connection with the claims asserted in the

Underlying Lawsuit.

**WHEREFORE**, Plaintiff Walsh Construction Company II, LLC respectfully requests

that judgment be entered in its favor and against Bruce & Merrilees declaring that Bruce &

Merrilees has an obligation to defend and a duty to indemnify Walsh Construction Company II,

LLC for any loss and expenses arising from or incurred in connection with the Underlying

Lawsuit and for such other relief as this Court deems just.

## JURY TRIAL DEMAND

114.     Walsh Construction Company II, LLC hereby demands a trial by jury in the

above-captioned action pursuant to Federal Rule of Civil Procedure 38(b).

Dated: April 2, 2020

                                        Respectfully submitted,

                                        */s/    David W. Engstrom*
                                        David W. Engstrom  (PA ID #76178)
                                        LAW OFFICE OF DAVID W. ENGSTROM
                                        201 King of Prussia Road, Suite 650
                                        Radnor, PA 19087-5156
                                        Phone: (215) 375-7885 / Fax: (215) 375-7882
                                        Email: dwe@dwengstromlaw.com

*Of Counsel:*

David B. Goodman (ARDC #6201242)
Kalli Nies (ARDC #6318089)
Jacqueline Carroll (ARDC #6285886)
GOODMAN LAW GROUP | Chicago
20 North Clark Street – Suite 3300
Chicago, Illinois 60606